KNIGHT
vs.
CALLENDER AND
DEBLOIS.

=====

KNIGHT *vs.* CALLENDER & DEBLOIS.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE
OF THE SEVENTH PRESIDING.

The plea to the jurisdiction is waived by pleading any other subsequent plea.

An insolvent debtor, after *cessio bonorum*, is incapable of standing in judgment, even in the Supreme Court, as appellant in a suit in which he is made defendant.

Where one partner makes a *cessio bonorum*, for himself individually, and for the *firm*, the other partner retaining his private capacity, may be sued *in attachment* for a debt of the firm, on his leaving the state.

Judgment against a garnishee cannot be reviewed in the Supreme Court, when he is not made a party to the appeal.

This action commenced by attachment.  The plaintiff claims eight hundred and twenty-two dollars and seventy-eight cents from the defendants, who resided in New-Orleans, and attached a sum about equal to his demand, in the hands of one Walter B. Wilcoxon, in the parish of St. Mary, as a debt due and owing to the commercial firm of the defendants.

WESTERN DIST.
September, 1836.

KNIGHT
vs.
CALLENDER AND
DEBLOIS.

The defendants excepted to the action ; 1st., that they are residents of New-Orleans and should have been sued there. 2nd. They have made a *cessio bonorum,* which has been accepted, and the plaintiff's claim put on their bilan.

The district judge overruled these exceptions; sustained the attachment, as to Callender ; and as regards Deblois, the cause was sent to the *concurso.*

The defendants further pleaded the general issue, and that a syndic had been appointed to take charge of their property and effects, who had possession of their books and accounts, which would show payments.  They pleaded payment of one thousand dollars.

The garnishee admitted there was a balance of four hundred and odd dollars in his hands, belonging to the defendants' *firm.*  The plaintiff's claim was admitted; as also the absence of Callender from the state, at the time of suing out the attachment.  The insolvent proceedings were offered in evidence, in which it was shown that Deblois for himself, individually, and for the commercial firm of Callender & Deblois, had made a surrender, which was accepted, and the claim of the plaintiff placed on the bilan as a debt of the *firm.*

The district judge rendered judgment in favor of the plaintiff, against Callender, for the amount of the debt claimed, and against the garnishee for the sum admitted to be in his hands; belonging to the *firm.*  The defendants both appealed.

*Splane,* for the plaintiff, *exparte.*

1. The exceptions were properly overruled, both as to the domicil and surrender.  It is shown that one of the defend-

WESTERN DIST.  ants is absent from the state, and the surrender was made
September, 1836.  by the other one, alone.

KNIGHT             2. One partner of a commercial firm cannot make a
*vs.*
CALLENDER AND  surrender for the firm ; nor is the other partner, who is bound
DEBLOIS.        in *in solido*, discharged from his liability in consequence of-
such surrender.    8 *Martin, N. S.*, 676–9.

*Martin, J.,* delivered the opinion of the court.

The plaintiff instituted suit against the defendants as
partners in trade, for a debt of the partnership, and attached
some funds and property in the hands of one Walter B. Wilcoxon, one of their debtors, who was made a garnishee.

The defendants pleaded to the jurisdiction of the court on
the score of commorancy, they being residents of a different
parish than that in which the suit is brought; and afterwards, on a suggestion that they had made a *cessio bonorum*,
which had been accepted, and the claim of the plaintiff
placed on the bilan ; they prayed for a dismissal of the suit.

The exceptions were overruled, and the attachment against
Callender sustained ; and, as respects Deblois, the case was
ordered to be sent to the *concurso*.

The defendants next pleaded the general issue and com-
The plea to   pensation ; and that Deblois for himself and the firm, had
the jurisdiction  made a surrender, which had been accepted, and a syndic
is waived by   appointed.
pleading any
other subsequent     The District Court rendered judgment against Callender
plea.
An insolvent  for the whole amount of the sum demanded, and against the
debtor, after *ces-*  garnishee for the balance admitted by him to be due to the
*sio bonorum,* is
incapable of  defendants' firm, to be applied to the payment of the judg-
standing in judg-  ment against Callender.   The defendants appealed.
ment, even in
the Supreme       The statement of facts show that the plaintiff's claim was
Court as appel-
lant, in a suit in  admitted, and that the *cessio bonorum* was made by Deblois,
which he is made
defendant.     for himself and for the firm, Callender and Deblois.   It was
Where one part-  further shown, that the defendants were commercial part-
ner makes a *ces-*
*sio bonorum,* for  ners in New-Orleans at the time of the surrender of Deblois,
himself individu-  and that Callender had left the state at the time of issuing
dually, and for
the *firm,* the  the attachment.

The plea to the jurisdiction, was, in our opinion, waived by the subsequent one. Deblois, having made a cession for himself and the firm, had no capacity to stand in judgment in this court as appellant from a judgment, which, if erroneous, must be reversed on the application of the syndic. The appeal, as to him, must therefore be dismissed.

Callender retaining his private property, the plaintiff was entitled to a judgment against him personally, notwithstanding the *cessio bonorum* of the firm.

The judgment against the garnishee cannot be reviewed in this court, because he is not before us.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Western Dist.*
*September, 1836.*

